Lawrence J. PLOURDE, on behalf of the State of Wisconsin, Plaintiff-Respondent,

v.

Wallace HABHEGGER, Defendant-Appellant,

Dennis HORNER, Rick Powers, Mark Samelstad, Jim Vander Wyst and John Berends, Defendants.

Court of Appeals

*No. 2005AP2106. Submitted on briefs April 24, 2006.*
*—Decided June 6, 2006.*

2006 WI App 147

(Also reported in 720 N.W.2d 130.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Ronald L. Siler* of Van Dyk, *O'Boyle & Siler, S.C.*, New Richmond.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Phillips M. Steans* of *Phillip M. Seans, S.C.*, Menomonie.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J.   Wallace Habhegger appeals a judgment, entered on a jury's verdict, ordering him to

pay a $150 forfeiture for a violation of the open meetings law, WIS. STAT. §§ 19.81–19.98.[1] He also appeals an order denying his motion for judgment notwithstanding the verdict; an order denying his motion to dismiss, which the court treated as a summary judgment motion; and an order awarding costs and attorney fees to Lawrence Plourde.[2] Habhegger asserts the open meet-

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[2] Plourde asserts Habhegger did not appeal the court's denial of Habhegger's motion for summary judgment, the jury's verdict, or the award of costs and fees. He asserts the only issue on appeal is whether the court erred in denying Habhegger's motion for judgment notwithstanding the verdict. Plourde misapprehends appellate procedure.

Habhegger could not appeal the order denying the motion for summary judgment, except with permission, because it was a nonfinal order. *See* WIS. STAT. § 808.03. Habhegger did not need to appeal the jury's actual verdict because he has appealed the judgment entered on the verdict. Finally, the order for costs and attorney fees was entered after the appeal was filed. However, an order for costs becomes part of the final judgment, which was properly appealed here. *See DeWitt Ross & Stevens, S.C. v. Galaxy Gaming & Racing Ltd. P'ship*, 2003 WI App 190, ¶¶ 24–25, 267 Wis. 2d 233, 670 N.W.2d 74, *overruled on other grounds*, 2004 WI 92, 273 Wis. 2d 577, 682 N.W.2d 839. Moreover, an appeal from a final judgment or order "brings before the court all prior nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent made in the action or proceeding not previously appealed and ruled upon." WIS. STAT. § 809.10(4).

Plourde may be thinking of our rules of waiver, such as the rule that issues not briefed are deemed abandoned. *See Reiman Assocs., Inc. v. R/A Adver., Inc.*, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292 (Ct. App. 1981). Habhegger did not specifically brief arguments related to the summary judgment motion, the facts underlying the jury's verdict, or the order for costs. However,

ings law does not apply here. Because we conclude no meeting occurred, and because we conclude the law does not apply to committees of one member, the open meetings law was not triggered. Accordingly, we reverse the judgment and orders and remand this case with directions to enter summary judgment in Habhegger's favor.

## Background

¶ 2.  Habhegger was the building inspector, zoning administrator, and assessor for the City of New Richmond. As the building inspector, he evidently was the sole member of the Department of Building Inspection. He was also a member of the city's Supervisory and Safety Committee, along with John Berends, Dennis Horner, Rick Powers, Mark Samelstad, and Jim Vander-Wyst. That committee had a total of fourteen members.

¶ 3.  Plourde, through his company Olympic Housing, Inc., owns a parcel of land in the city. Plourde wanted to open a car wash on the property and began the process of obtaining a building permit. Habhegger informed him that there would be no permit unless Plourde installed a street to connect the parcel to an existing street. Plourde believed Habhegger reached this decision after an October 8, 2002 "meeting" between Habhegger and the other five named defendants.

¶ 4.  In August 2003, Plourde contacted the St. Croix County district attorney, asserting an open meetings law violation had occurred. The district attorney asked for more information before pursuing the matter.

there is only one fundamental, dispositive question in this case: whether the open meetings law applied. Answering that question affects all orders, which are properly before us, and the final judgment.

On January 20, 2004, Plourde filed this complaint.[3] He alleged these six members of the Supervisory and Safety Committee violated the open meetings law by meeting to discuss his permit application without providing notice of the meeting and by failing to conduct the meeting in open session.

¶ 5. The six members filed a motion to dismiss, which the court treated as a motion for summary judgment. The court granted the motion as to all members but Habhegger, deciding it was necessary to have a trial on whether Habhegger, as the sole member of the Department of Building Inspection, violated the open meetings law. The case was tried to a jury, which found a violation. Habhegger moved for judgment notwithstanding the verdict, but the trial court denied the motion.[4] The court ordered Habhegger to pay a $150 forfeiture and awarded costs and attorney fees to Plourde pursuant to WIS. STAT. § 19.97(4).

## Discussion

¶ 6. Plourde asserts that we must review this case as we would any jury verdict, by determining whether there is any credible evidence supporting the verdict. But Habhegger raises a legal, not a factual, question. The interpretation of statutes and the applicability of a statute to a set of facts are questions of law. *See State ex rel. Newspapers, Inc. v. Showers*, 135 Wis. 2d 77, 85, 398 N.W.2d 154 (1987).

---

[3] There is no dispute Plourde properly filed his complaint as a relator. *See* WIS. STAT. § 19.97(4).

[4] Plourde moved to vacate the earlier summary judgment granted to the other five members. That motion was granted but is not before us on appeal.

750

¶ 7. WISCONSIN STAT. § 19.83(1) requires that "[e]very meeting of a governmental body shall be preceded by public notice ... and shall be held in open session." While Plourde asserts there was no notice or open session, Habhegger asserts there was no meeting. We agree with Habhegger.

¶ 8. There are two prerequisites before the open meetings law comes into play. "First, there must be a purpose to engage in governmental business" as specified in WIS. STAT. § 19.82(2). *See Newspapers, Inc.*, 135 Wis. 2d at 102. That statute defines "meeting" as "the convening of members of a governmental body for the purpose of exercising the responsibilities, authority, power or duties delegated to or vested in the body." WIS. STAT. § 19.82(2). "Second, the number of members present must be sufficient to determine the parent body's course of action regarding the proposal discussed." *Newspapers, Inc.*, 135 Wis. 2d at 102.

¶ 9. It is undisputed that the Supervisory and Safety Committee was created to protect the health and safety of employees and the general public through oversight of working conditions and work places. However, it has no vested authority over or responsibility for the issuance of building permits. *See State v. Swanson*, 92 Wis. 2d 310, 317, 284 N.W.2d 655 (1979) (citing WIS. STAT. § 19.82(2)). Rather, Habhegger is the only individual authorized to grant or deny building permits. Therefore, the first requirement for a "meeting" was not present. That is sufficient to avoid the open meetings law requirements.

¶ 10. However, the number of members present was also insufficient to trigger the open meetings law. The number of members is important, in part, because

751

a gathering of one-half or more of the body's membership is rebuttably presumed to be a meeting for the purpose of exercising the body's authority. WIS. STAT. § 19.82(2). But sometimes, the meeting can be less than one-half of the membership and still trigger the open meetings law. This occurs when the meeting consists of a "negative quorum." *See Newspapers, Inc.*, 135 Wis. 2d at 103–04. In *Newspapers, Inc.*, a meeting of four of a committee's eleven members triggered the open meetings law relative to a budget discussion because the budget had to be passed by a two-thirds vote. As a result, the four members constituted a negative quorum with the potential to block any budget proposal. *Id.*

¶ 11.  Here, the meeting was among six of fourteen members. This is neither a presumptive quorum nor, in this case, a negative quorum. Coupled with the fact that the Supervisory and Safety Committee is not vested with the authority to make determinations on building permits, neither trigger was present. The open meetings law did not apply to this gathering of Supervisory and Safety Committee members.

¶ 12.  Although the Supervisory and Safety Committee did not meet, there is arguably a question whether the Department of Building Inspection, with only Habhegger as a member, had a meeting. However, we conclude the open meetings law is not meant to apply to single-member governmental bodies.

¶ 13.  WISCONSIN STAT. § 19.82(2) speaks of a meeting of the members, plural, implying there must be at least two members of a governmental body. Moreover, the notion of applying the open meetings law to a body of one creates certain practical problems. Part of the declared policy of the open meetings law is that, "[i]n recognition of the fact that a representative govern-

ment of the American type is dependent upon an informed electorate ... the public is entitled to the fullest and most complete information regarding the affairs of government as is compatible with the conduct of governmental business." WIS. STAT. § 19.81(1).

¶ 14.   In other words, we require the public to be granted access to discussions among governmental body members so that the public can be informed of the debate and decision-making process that occurs between the body's membership. But it would be absurd, if not impossible, to require an open meeting notice whenever a body of one would set out to contemplate a pending issue. We do not believe the legislature intended to require public soliloquies by single-member governmental bodies.

¶ 15.   The judgment and orders are reversed. This case should not have been submitted to the jury because, as a matter of law, the open meetings law did not apply. Accordingly, Habhegger is not subject to a forfeiture. This reverses Plourde's status as a prevailing party and he is therefore not entitled to costs or attorney fees incurred in prosecuting this action. Summary judgment should have been entered on Habhegger's behalf. On remand, the court shall enter judgment accordingly.

*By the Court.*—Judgment and orders reversed and cause remanded with directions.